UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Rene Alvarez, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>United States of America, )<br>)<br>Defendant. )<br>)<br>_____) | Case No. 3:13-cv-174-J-99-TJC-MCR |

**ANSWER**

Defendant United States of America, by its undersigned counsel, and in answer to Plaintiffs' complaint, states:

FIRST DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs' claims.

SECOND DEFENSE

Plaintiffs' claims are barred by the discretionary function exception to the Federal Tort Claims Act.  28 U.S.C. § 2680(a).

THIRD DEFENSE

Plaintiffs' claims are barred by the exception to the Federal Tort Claims Act for claims arising out of misrepresentation or deceit.   28 U.S.C. § 2680(h).

FOURTH DEFENSE

Plaintiffs' claims are barred by the interference with contract rights exception to the Federal Tort Claims Act.  28 U.S.C. § 2680(h).

## FIFTH DEFENSE

Plaintiffs' claims are barred by the Federal Employees Compensation Act (FECA).  5 U.S.C. §§ 8101, 8102, 8116(c).

## SIXTH DEFENSE

Plaintiffs' claims are barred by the contractor exclusion to the Federal Tort Claims Act.

## SEVENTH DEFENSE

Plaintiffs' damages, if any, are limited to the amount stated in their administrative claims.  28 U.S.C. §2675(b).

## EIGHTH DEFENSE

Plaintiffs failed to exhaust their administrative remedies pursuant to 28 U.S.C. §2675.

## NINTH DEFENSE

Plaintiffs' claims, or some of them, are forever barred because they failed to present such claims to the appropriate Federal agency within two years after such claims accrued pursuant to 28 U.S.C. § 2401(b).

## TENTH DEFENSE

Venue in this district is improper.

## ELEVENTH DEFENSE

The United States did not owe any duty to Plaintiffs.  To the extent any duty was owed, that duty was not breached.

## TWELFTH DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused

by any negligent or wrongful act or omission of any employee of the United States while acting within the scope of office or employment.

THIRTEENTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted

FOURTEENTH DEFENSE

The injuries and damages alleged in the Complaint were proximately caused by the wrongful or negligent conduct of third parties, including but not limited to Kenneth Wayne McLeod and/or employees of Federal Employees Benefit Group (FEBG) or other McLeod-affiliated companies; and, including but not limited to, the wrongful or negligent conduct of those Plaintiffs who recommended or assisted with the hiring of McLeod and/or FEBG, in any way scheduled or facilitated meetings with McLeod and/or FEBG, and/or in any way recommended, encouraged, or otherwise facilitated the investment by others in the "FEBG Bond Fund." Any recovery to which Plaintiffs otherwise would be entitled must be reduced to the extent of the comparative fault of any such third party and/or fellow Plaintiff.

FIFTEENTH DEFENSE

To the extent that Plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits or recovery paid to or on behalf of or received by Plaintiffs.

SIXTEENTH DEFENSE

Plaintiffs negligently contributed to their own alleged injuries, and recovery to which Plaintiffs otherwise would be entitled must be reduced or barred in accordance with the common or statutory law of applicable State or Federal law.

<u>SEVENTEENTH DEFENSE</u>

The United States is not liable to Plaintiffs for punitive damages, pre-judgment interest, and attorney's fees because the United States has not waived its sovereign immunity for such claims under the Federal Tort Claims Act.

<u>EIGHTEENTH DEFENSE</u>

To the extent that applicable Federal or State common or statutory law limits damages or limits the United States' liability or Plaintiffs' cause of action, that law applies to this action against the United States to that extent that it is not inconsistent with the Federal Tort Claims Act.

<u>NINETEENTH DEFENSE</u>

The United States asserts that it has, or may have, additional affirmative defenses that are not known to it at this time, but may be ascertained through discovery. The United States preserves these and other affirmative defenses as they are ascertained through discovery.

<u>ANSWERS TO SPECIFIC ALLEGATIONS</u>

The United States responds as follows to the numbered paragraphs of Plaintiffs' Complaint. Any allegation not expressly admitted or denied is denied.

## I. INTRODUCTION

1.     The United States denies that Federal agencies hired Kenneth Wayne McLeod ("McLeod") individually to conduct retirement education and planning seminars. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 1 and, therefore, these allegations are denied.

2.     The United States lacks sufficient information to admit or deny the allegations of

paragraph 2 and, therefore, these allegations are denied.

3.      The United States lacks sufficient information to admit or deny the allegations of paragraph 3 and, therefore, these allegations are denied.

4.      The United States lacks sufficient information to admit or deny the allegations of paragraph 4 and, therefore, these allegations are denied.

5.      The United States lacks sufficient information to admit or deny the allegations of paragraph 5 and, therefore, these allegations are denied.

6.      The United States lacks sufficient information to admit or deny the allegations of paragraph 6 and, therefore, these allegations are denied.

7.      The United States lacks sufficient information to admit or deny the allegations of paragraph 7 and, therefore, these allegations are denied.

## II.  PLAINTIFFS

8.      The United States admits only that Rene and Simone Alvarez are employees of the Customs and Border Protection ("CBP").  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 8 and, therefore, these allegations are denied.

9.      The United States lacks sufficient information to admit or deny the allegations of paragraph 9 and, therefore, these allegations are denied.

10.      The United States lacks sufficient information to admit or deny the allegations of paragraph 10 and, therefore, these allegations are denied.

11.      The United States admits only that Joseph Begley is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 11 and, therefore, these allegations are denied.

12.     The United States admits only that Joseph Bendig was an employee of the CBP. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 12 and, therefore, these allegations are denied.

13.     The United States admits only that Dolores Benson was an employee of Immigration and Customs Enforcement ("ICE").  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 13 and, therefore, these allegations are denied.

14.     The United States admits only that Brian Bonifant is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 14 and, therefore, these allegations are denied.

15.     The United States admits only that Robert Botelho is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 15 and, therefore, these allegations are denied.

16.     The United States admits only that Ronald Branch is an employee of the ICE. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 16 and, therefore, these allegations are denied.

17.     The United States admits only that Rebecca Branum was an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 17 and, therefore, these allegations are denied.

18.     The United States admits only that Daniel Brown is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 18 and, therefore, these allegations are denied.

19.     The United States admits only that Marcus Brown is an employee of the DEA.

The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 19 and, therefore, these allegations are denied.

20.     The United States admits only that Thomas Bush was an employee of the Federal Bureau of Investigation ("FBI").  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 20 and, therefore, these allegations are denied.

21.     The United States admits only that Rachel Cannon was an employee of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 21 and, therefore, these allegations are denied.

22.     The United States admits only that Rachel Cannon was an employee of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 22 and, therefore, these allegations are denied.

23.     The United States admits only that Thomas Cindric is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 23 and, therefore, these allegations are denied.

24.     The United States admits only that Michael Cashman is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 24 and, therefore, these allegations are denied.

25.     The United States admits only that Thomas Cindric is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 25 and, therefore, these allegations are denied.

26.     The United States admits only that Thomas Cindric is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations

of paragraph 26 and, therefore, these allegations are denied.

27.     The United States admits only that Nicklous Cooper was an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 27 and, therefore, these allegations are denied.

28.     The United States admits only that Kurt Coront was an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 28 and, therefore, these allegations are denied.

29.     The United States admits only that Steve Horn is an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 29 and, therefore, these allegations are denied.

30.     The United States admits only that John Cox was an employee of the Federal Aviation Administration ("FAA").  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 30 and, therefore, these allegations are denied.

31.     The United States admits only that Kyle Craig is an employee of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 31 and, therefore, these allegations are denied.

32.     The United States admits only that Rachel Cannon was an employee of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 32 and, therefore, these allegations are denied.

33.     The United States admits only that Scott Crawford is an employee of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 33 and, therefore, these allegations are denied.

34.    The United States admits only that Gladys and Keith Kruskall are employees of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 34 and, therefore, these allegations are denied.

35.    The United States admits only that James Davidson is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 35 and, therefore, these allegations are denied.

36.    The United States admits only that Weston Davis is an employee of the U.S. Fish and Wildlife service ("FWS").  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 36 and, therefore, these allegations are denied.

37.    The United States admits only that Colette Dennehy was an employee of ICE. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 37 and, therefore, these allegations are denied.

38.    The United States admits only that Robert Devine was an employee of ICE and that Barbara Devine was an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 38 and, therefore, these allegations are denied.

39.    The United States admits only that James DeCaprio is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 39 and, therefore, these allegations are denied.

40.    The United States admits only that Tracy Donahue is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 40 and, therefore, these allegations are denied.

41.     The United States admits only that Frank Doyle was an employee of the FBI.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 41 and, therefore, these allegations are denied.

42.     The United States admits only that Gail Fagan is an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 42 and, therefore, these allegations are denied.

43.     The United States admits only that Joe Figueroa is an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 43 and, therefore, these allegations are denied.

44.     The United States admits only that Jacqueline Fruge is an employee of the FBI. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 44 and, therefore, these allegations are denied.

45.     The United States lacks sufficient information to admit or deny the allegations of paragraph 45 and, therefore, these allegations are denied.

46.     The United States admits only that Milton Galanos is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 46 and, therefore, these allegations are denied.

47.     The United States admits only that Douglas Garner is an employee of the CBP. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 47 and, therefore, these allegations are denied.

48.     The United States lacks sufficient information to admit or deny the allegations of paragraph 48 and, therefore, these allegations are denied.

49.     The United States admits only that Jimmie Garza was an employee of the DEA.

The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 49 and, therefore, these allegations are denied.

50.     The United States admits only that Tyler Graham is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 50 and, therefore, these allegations are denied.

51.     The United States lacks sufficient information to admit or deny the allegations of paragraph 51 and, therefore, these allegations are denied.

52.     The United States admits only that David Grant is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 52 and, therefore, these allegations are denied.

53.     The United States  admits only that Ronald Grimes is an employee of ICE. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 53 and, therefore, these allegations are denied.

54.     The United States admits only that Mark Hamlet is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 54 and, therefore, these allegations are denied.

55.     The United States admits only that Sandra Hill and Edward Kohn were employees of ICE. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 55 and, therefore, these allegations are denied.

56.     The United States admits only that John Kelly III is an employee of ICE. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 56 and, therefore, these allegations are denied.

57.     The United States lacks sufficient information to admit or deny the allegations of

paragraph 57 and, therefore, these allegations are denied.

58.     The United States admits only that Larry Klumb was an employee of the FBI. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 58 and, therefore, these allegations are denied.

59.     The United States admits only that Edward Kohn was an employee of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 59 and, therefore, these allegations are denied.

60.     The United States admits only that Keith and Gladys Kruskall are employees of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 60 and, therefore, these allegations are denied.

61.     The United States admits only that James Krutak was an employee of the FBI. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 61 and, therefore, these allegations are denied.

62.     The United States admits only that Joey Lenseigne is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 62 and, therefore, these allegations are denied.

63.     The United States admits only that Terrance Loftus was an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 63 and, therefore, these allegations are denied.

64.     The United States admits only that Robert Marchi is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 64 and, therefore, these allegations are denied.

65.     The United States admits only that Anthony Marotta is an employee of the DEA.

The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 65 and, therefore, these allegations are denied.

66.     The United States lacks sufficient information to admit or deny the allegations of paragraph 66 and, therefore, these allegations are denied.

67.     The United States admits only that Phillip Martin was an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 67 and, therefore, these allegations are denied.

68.     The United States admits only that Thomas and Karen Martin were employees of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 68 and, therefore, these allegations are denied.

69.     The United States admits only that Brian Miller is an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 69 and, therefore, these allegations are denied.

70.     The United States admits only that Weston Davis is an employee of the FWS. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 70 and, therefore, these allegations are denied.

71.     The United States admits only that Walter Morrison is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 71 and, therefore, these allegations are denied.

72.     The United States admits only that Sean O'Brien is an employee of the DEA.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 72 and, therefore, these allegations are denied.

73.     The United States admits only that Michael Parra was an employee of the DEA.

The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 73 and, therefore, these allegations are denied.

74.     The United States admits only that Kimberly Pribble is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 74 and, therefore, these allegations are denied.

75.     The United States admits only that Mitchell Price is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 75 and, therefore, these allegations are denied.

76.     The United States admits only that Brian Quirk was an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 76 and, therefore, these allegations are denied.

77.     The United States lacks sufficient information to admit or deny the allegations of paragraph 77 and, therefore, these allegations are denied.

78.     The United States admits only that Richard Reck is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 78 and, therefore, these allegations are denied.

79.     The United States admits only that Harry Richards was an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 79 and, therefore, these allegations are denied.

80.     The United States admits only that John Riley is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 80 and, therefore, these allegations are denied.

81.     The United States admits only that Michael Roselle was an employee of the ICE.

The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 81 and, therefore, these allegations are denied.

82.     The United States lacks sufficient information to admit or deny the allegations of paragraph 82 and, therefore, these allegations are denied.

83.     The United States lacks sufficient information to admit or deny the allegations of paragraph 83 and, therefore, these allegations are denied.

84.     The United States admits only that Mary Salazar is an employee of the DEA.  The United States lacks sufficient information to admit or deny the allegations of paragraph 84 and, therefore, these allegations are denied.

85.     The United States admits only that Albert Schreiber was an employee of ICE. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 85 and, therefore, these allegations are denied.

86.     The United States admits only that Rick Sell was an employee of ICE.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 86 and, therefore, these allegations are denied.

87.     The United States lacks sufficient information to admit or deny the allegations of paragraph 87 and, therefore, these allegations are denied.

88.     The United States admits only that James Slater was an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 88 and, therefore, these allegations are denied.

89.     The United States admits only that William Smith was an employee of the United States Postal Service ("USPS").  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 89 and, therefore, these allegations are

denied.

90.     The United States admits only that Scott Snyder was an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 90 and, therefore, these allegations are denied.

91.     The United States admits only that Stephen Snyder is an employee of ICE. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 91 and, therefore, these allegations are denied.

92.     The United States lacks sufficient information to admit or deny the allegations of paragraph 92 and, therefore, these allegations are denied.

93.     The United States lacks sufficient information to admit or deny the allegations of paragraph 93 and, therefore, these allegations are denied.

94.     The United States admits only that Andrew Thompson is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 94 and, therefore, these allegations are denied.

95.     The United States admits only that Kristine Tierney is an employee of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 95 and, therefore, these allegations are denied.

96.     The United States lacks sufficient information to admit or deny the allegations of paragraph 96 and, therefore, these allegations are denied.

97.     The United States admits only that Mark and Mary Ellen Trouville are employees of the DEA. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 97 and, therefore, these allegations are denied.

98.      The United States lacks sufficient information to admit or deny the allegations of

paragraph 98 and, therefore, these allegations are denied.

99.     The United States lacks sufficient information to admit or deny the allegations of

paragraph 99 and, therefore, these allegations are denied.

100.     The United States admits only that James Woolley is an employee of the DEA.

The United States lacks sufficient information to admit or deny the remaining allegations

of paragraph 100 and, therefore, these allegations are denied.

101.     The United States admits only that Steven Zeller was an employee of the Bureau

of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  The United States lacks

sufficient information to admit or deny the remaining allegations of paragraph 101 and,

therefore, these allegations are denied.

### III.  DEFENDANT

102.     The United States admits only that it is the proper party in an action brought

under the Federal Tort Claims Act, and that it has been named as Defendant in this

action. The United States denies the remaining allegations of paragraph 102.

### IV.  JURISDICTION AND VENUE

103.     The United States admits only that this action was brought under the Federal Tort

Claims Act. The remaining allegations set forth in paragraph 103 are conclusions of law

which do not require a response.  To the extent a response is required, these allegations

are denied.

104.     The allegations set forth in paragraph 104 are conclusions of law which do not

require a response.   To the extent a response is required, these allegations are denied.

105.     The United States denies the allegations of paragraph 105.

106.     The United States denies that venue is proper.  The United States lacks sufficient

information to admit or deny the remaining allegations of paragraph 106, and, therefore, these allegations are denied.

## V.  FACTS COMMON TO ALL COUNTS

107.    The United States admits only that in 1986, Congress passed the Federal Employees Retirement System Act ("FERS Act").  The remainder of this paragraph purports to characterize the meaning and/or purpose of a statute and thus requires no response as the statute speaks for itself and is the best evidence of its meaning and/or purpose.  To the extent this allegation requires a response, it is denied to the extent that it is contrary to the plain meaning or purpose of this statute.

108.    This paragraph purports to characterize the meaning and/or purpose of a statute, and thus requires no response as the statute speaks for itself and is the best evidence of its meaning and/or purpose.  To the extent this allegation requires a response, it is denied to the extent that it is contrary to the plain meaning or purpose of this statute.

109.    The United States admits only that in 2004, Congress passed the Thrift Savings Plan Open Elections Act ("TSP Act"), codified at 5 U.S.C. § 8350 note.  The remainder of this paragraph purports to characterize the meaning and/or purpose of a statute and thus requires no response as the statute speaks for itself and is the best evidence of its meaning and/or purpose.  To the extent this allegation requires a response, it is denied to the extent that it is contrary to the plain meaning or purpose of this statute.

110.    The United States admits only that in 2005, pursuant to the Thrift Savings Plan Open Elections Act, OPM created the Retirement Financial Literacy and Education Strategy attached to the Complaint as Exhibit 2.   The remainder of this paragraph purports to characterize the meaning and/or purpose of this document and thus requires

no response as the document speaks for itself and is the best evidence of its meaning and/or purpose. To the extent this allegation requires a response, it is denied to the extent that it is contrary to the plain meaning or purpose of this document.

111.    The allegations sets forth in paragraph 111 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

112.    The United States admits only that various Federal agencies hired Federal Employees Benefits Group (FEBG) to provide training relating to Federal employee benefits and/or retirement planning. The United States lacks sufficient information to admit or deny the allegations of paragraph 112 and, therefore, these allegations are denied.

113.    The United States lacks sufficient information to admit or deny the allegations of paragraph 113 and, therefore, these allegations are denied.

114.    The United States lacks sufficient information to admit or deny the allegations of paragraph 114 and, therefore, these allegations are denied.

115.    The United States admits only that the Government Services Administration (GSA) awarded FEBG a Multi Award Schedule contract. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 115 and, therefore, these allegations are denied.

116.    The United States admits only that the contract number for the Multi Award Schedule contract awarded to FEBG was GS-02F-0082S and that FEBG responded to Solicitation 2FYA-WA-030003-B. The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 116 and, therefore, these allegations are denied.

**The Ponzi Scheme**

117.     The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 117 and, therefore, these allegations are denied.

118.     The United States lacks sufficient information to admit or deny the allegations of paragraph 118 and, therefore, these allegations are denied.

119.     The United States lacks sufficient information to admit or deny the allegations of paragraph 119 and, therefore, these allegations are denied.

120.     The United States lacks sufficient information to admit or deny the allegations of paragraph 120 and, therefore, these allegations are denied.

121.     The United States lacks sufficient information to admit or deny the allegations of paragraph 121 and, therefore, these allegations are denied.

122.     The United States lacks sufficient information to admit or deny the allegations of paragraph 122 and, therefore, these allegations are denied.

123.     The United States lacks sufficient information to admit or deny the allegations of paragraph 123 and, therefore, these allegations are denied.

124.     The United States admits only that the Securities and Exchange Commission (SEC) filed an Emergency Complaint against McLeod's estate, FEBG, and F&S Asset Management Group, Inc. on June 24, 2010 in the United States District Court for the Southern District of Florida alleging fraud in violation of various federal securities laws and seeking injunctive relief and other relief.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 124 and, therefore, these allegations are denied.

125.     The United States lacks sufficient information to admit or deny the allegations of

paragraph 125 and, therefore, these allegations are denied.

126.	The United States lacks sufficient information to admit or deny the allegations of paragraph 126 and, therefore, these allegations are denied.

127.	The United States lacks sufficient information to admit or deny the allegations of paragraph 127 and, therefore, these allegations are denied.

128.	The United States lacks sufficient information to admit or deny the allegations of paragraph 128 and, therefore, these allegations are denied.

129.	The United States admits only that the FBI seized certain FEBG records and computers and/or computer components.  The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 129 and, therefore, these allegations are denied.

130.	The United States lacks sufficient information to admit or deny the allegations of paragraph 130 and, therefore, these allegations are denied.

131.	The United States lacks sufficient information to admit or deny the allegations of paragraph 131 and, therefore, these allegations are denied.

### Federal Procurement Regulations

132.	The allegations set forth in paragraph 132 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

133.	The allegations set forth in paragraph 133 purport to characterize the meaning and/or purpose of a regulation and thus require no response as the regulation speaks for itself and is the best evidence of its meaning and/or purpose.  To the extent these allegations require a response, they are denied to the extent that they are contrary to the plain meaning or purpose of this regulation.

134.     The United States lacks sufficient information to admit or deny the allegations of paragraph 134 and, therefore, these allegations are denied.

135.     The United States lacks sufficient information to admit or deny the allegations of paragraph 135 and, therefore, these allegations are denied.

**Ethics Regulations and Laws**

136.     The United States lacks sufficient information to admit or deny the allegations of paragraph 136 and, therefore, these allegations are denied.

137.     The allegations set forth in paragraph 137 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

138.     The allegations set forth in paragraph 138 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

139.     The allegations set forth in paragraph 139 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

140.     The allegations set forth in paragraph 140 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

141.     The allegations set forth in paragraph 141 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

142.     The allegations set forth in paragraph 142 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

143.     The United States lacks sufficient information to admit or deny the allegations of paragraph 143 and, therefore, these allegations are denied.

144.     The United States lacks sufficient information to admit or deny the allegations of paragraph 144 and, therefore, these allegations are denied.

**The OPM Retirement Strategy**

145.     The allegations set forth in paragraph 145 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

146.     The allegations set forth in paragraph 146 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

147.     The allegations set forth in paragraph 147 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

## VI.  CAUSES OF ACTION

### Count I

**Negligence**

148.     The United States restates and incorporates its responses to paragraphs 1 through 147 as though they were fully set forth herein.

149.     The allegations set forth in paragraph 149 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

150.     The allegations set forth in paragraph 150 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

151.     The allegations set forth in paragraph 151 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

152.     The allegations set forth in paragraph 152 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

153.     The allegations set forth in paragraph 153 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

154.     The allegations set forth in paragraph 154 are conclusions of law which do not

require a response. To the extent a response is required, these allegations are denied.

155.    The allegations set forth in paragraph 155 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

156.    The allegations set forth in paragraph 156 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

157.    The United States denies the allegations in paragraph 157.

## Count II

## **Breach of Fiduciary Duty**

158.    The allegations set forth in paragraph 158 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

159.    The allegations set forth in paragraph 159 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

160.    The allegations set forth in paragraph 160 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

161.    The allegations set forth in paragraph 161 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

162.    The allegations set forth in paragraph 162 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied..

163.    The United States lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 163 and, therefore, these allegations are denied.  The remaining allegations are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

164.    The allegations set forth in paragraph 164 are conclusions of law which do not

require a response. To the extent a response is required, these allegations are denied.

165.     The allegations set forth in paragraph 165 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

166.     The United States denies the allegations in paragraph 166.

## Count III

## Aiding and Abetting McLeod's Breach of Fiduciary Duty

167.     The United States restates and incorporates its responses to paragraphs 1 through 147 as though they were fully set forth herein.

168.     The allegations set forth in paragraph 168 are conclusions of law which do not require a response. To the extent a response is required, the United States lacks sufficient information to admit or deny the allegations of paragraph 168 and, therefore, these allegations are denied.

169.     The allegations set forth in paragraph 169 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

170.      The United States lacks sufficient information to admit or deny the remaining allegations of paragraph 170 and, therefore, these allegations are denied.

171.     The allegations set forth in paragraph 171 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

172.     The allegations set forth in paragraph 172 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

173.     The United States denies the allegations in paragraph 173.

**Count IV**

**<u>Negligent Retention and Supervision</u>**

174.     The United States restates and incorporates its responses to paragraphs 1 through 155 as though they were fully set forth herein.

175.     The allegations set forth in paragraph 175 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

176.     The allegations set forth in paragraph 176 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

177.     The allegations set forth in paragraph 177 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

178.     The allegations set forth in paragraph 178 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied..

179.     The United States denies the allegations in paragraph 179.

**Count V**

**<u>Negligent Infliction of Emotional Distress</u>**

180.     The United States restates and incorporates its responses to paragraphs 1 through 155, 163, 170, and 171 as though they were fully set forth herein.

181.     The allegations set forth in paragraph 181 are conclusions of law which do not require a response. To the extent a response is required, these allegations are denied.

182.     The United States denies the allegations in paragraph 182.

183.     The United States denies the allegations in paragraph 183.

## VII. DAMAGES

184.    The United States lacks sufficient information to admit or deny the allegations of paragraph 184 and, therefore, they are denied.

185.    The United States lacks sufficient information to admit or deny the allegations of paragraph 185 and, therefore, they are denied.

186.    The United States lacks sufficient information to admit or deny the allegations of paragraph 186 and, therefore, they are denied.

187.    The United States lacks sufficient information to admit or deny the allegations of paragraph 187 and, therefore, they are denied.

188.    The United States lacks sufficient information to admit or deny the allegations of paragraph 188 and, therefore, they are denied.

189.    The United States lacks sufficient information to admit or deny the allegations of paragraph 189 and, therefore, they are denied.

190.    The United States lacks sufficient information to admit or deny the allegations of paragraph 190 and, therefore, they are denied.

191.    The United States lacks sufficient information to admit or deny the allegations of paragraph 191 and, therefore, they are denied.

192.    The United States lacks sufficient information to admit or deny the allegations of paragraph 192 and, therefore, they are denied.

193.    The United States lacks sufficient information to admit or deny the allegations of paragraph 193 and, therefore, they are denied.

194.    The United States lacks sufficient information to admit or deny the allegations of paragraph 194 and, therefore, they are denied.

195.    The United States lacks sufficient information to admit or deny the allegations of paragraph 195 and, therefore, they are denied.

196.    The United States lacks sufficient information to admit or deny the allegations of paragraph 196 and, therefore, they are denied.

197.    The United States lacks sufficient information to admit or deny the allegations of paragraph 197 and, therefore, they are denied.

198.    The United States lacks sufficient information to admit or deny the allegations of paragraph 198 and, therefore, they are denied.

199.    The United States lacks sufficient information to admit or deny the allegations of paragraph 199 and, therefore, they are denied.

200.    The United States lacks sufficient information to admit or deny the allegations of paragraph 200 and, therefore, they are denied.

201.    The United States lacks sufficient information to admit or deny the allegations of paragraph 201 and, therefore, they are denied.

202.    The United States lacks sufficient information to admit or deny the allegations of paragraph 202 and, therefore, they are denied.

203.    The United States lacks sufficient information to admit or deny the allegations of paragraph 203 and, therefore, they are denied.

204.    The United States lacks sufficient information to admit or deny the allegations of paragraph 204 and, therefore, they are denied.

205.    The United States lacks sufficient information to admit or deny the allegations of paragraph 205 and, therefore, they are denied.

206.    The United States lacks sufficient information to admit or deny the allegations of

paragraph 206 and, therefore, they are denied.

207.    The United States lacks sufficient information to admit or deny the allegations of paragraph 207 and, therefore, they are denied.

208.    The United States lacks sufficient information to admit or deny the allegations of paragraph 208 and, therefore, they are denied.

209.    The United States lacks sufficient information to admit or deny the allegations of paragraph 209 and, therefore, they are denied.

210.    The United States lacks sufficient information to admit or deny the allegations of paragraph 210 and, therefore, they are denied.

211.    The United States lacks sufficient information to admit or deny the allegations of paragraph 211 and, therefore, they are denied.

212.    The United States lacks sufficient information to admit or deny the allegations of paragraph 212 and, therefore, they are denied.

213.    The United States lacks sufficient information to admit or deny the allegations of paragraph 213 and, therefore, they are denied.

214.    The United States lacks sufficient information to admit or deny the allegations of paragraph 214 and, therefore, they are denied.

215.    The United States lacks sufficient information to admit or deny the allegations of paragraph 215 and, therefore, they are denied.

216.    The United States lacks sufficient information to admit or deny the allegations of paragraph 216 and, therefore, they are denied.

217.    The United States lacks sufficient information to admit or deny the allegations of paragraph 217 and, therefore, they are denied.

218.    The United States lacks sufficient information to admit or deny the allegations of paragraph 218 and, therefore, they are denied.

219.    The United States lacks sufficient information to admit or deny the allegations of paragraph 219 and, therefore, they are denied.

220.    The United States lacks sufficient information to admit or deny the allegations of paragraph 220 and, therefore, they are denied.

221.    The United States lacks sufficient information to admit or deny the allegations of paragraph 221 and, therefore, they are denied.

222.    The United States lacks sufficient information to admit or deny the allegations of paragraph 222 and, therefore, they are denied.

223.    The United States lacks sufficient information to admit or deny the allegations of paragraph 223 and, therefore, they are denied.

224.    The United States lacks sufficient information to admit or deny the allegations of paragraph 224 and, therefore, they are denied.

225.    The United States lacks sufficient information to admit or deny the allegations of paragraph 225 and, therefore, they are denied.

226.    The United States lacks sufficient information to admit or deny the allegations of paragraph 226 and, therefore, they are denied.

227.    The United States lacks sufficient information to admit or deny the allegations of paragraph 227 and, therefore, they are denied.

228.    The United States lacks sufficient information to admit or deny the allegations of paragraph 228 and, therefore, they are denied.

229.    The United States lacks sufficient information to admit or deny the allegations of

paragraph 229 and, therefore, they are denied.

230.     The United States lacks sufficient information to admit or deny the allegations of paragraph 230 and, therefore, they are denied.

231.     The United States lacks sufficient information to admit or deny the allegations of paragraph 231 and, therefore, they are denied.

232.     The United States lacks sufficient information to admit or deny the allegations of paragraph 232 and, therefore, they are denied.

233.     The United States lacks sufficient information to admit or deny the allegations of paragraph 233 and, therefore, they are denied.

234.     The United States lacks sufficient information to admit or deny the allegations of paragraph 234 and, therefore, they are denied.

235.     The United States lacks sufficient information to admit or deny the allegations of paragraph 235 and, therefore, they are denied.

236.     The United States lacks sufficient information to admit or deny the allegations of paragraph 236 and, therefore, they are denied.

237.     The United States lacks sufficient information to admit or deny the allegations of paragraph 237 and, therefore, they are denied.

238.     The United States lacks sufficient information to admit or deny the allegations of paragraph 238 and, therefore, they are denied.

239.     The United States lacks sufficient information to admit or deny the allegations of paragraph 239 and, therefore, they are denied.

240.     The United States lacks sufficient information to admit or deny the allegations of paragraph 240 and, therefore, they are denied.

241.    The United States lacks sufficient information to admit or deny the allegations of paragraph 241 and, therefore, they are denied.

242.    The United States lacks sufficient information to admit or deny the allegations of paragraph 242 and, therefore, they are denied.

243.    The United States lacks sufficient information to admit or deny the allegations of paragraph 243 and, therefore, they are denied.

244.    The United States lacks sufficient information to admit or deny the allegations of paragraph 244 and, therefore, they are denied.

245.    The United States lacks sufficient information to admit or deny the allegations of paragraph 245 and, therefore, they are denied.

246.    The United States lacks sufficient information to admit or deny the allegations of paragraph 246 and, therefore, they are denied.

247.    The United States lacks sufficient information to admit or deny the allegations of paragraph 247 and, therefore, they are denied.

248.    The United States lacks sufficient information to admit or deny the allegations of paragraph 248 and, therefore, they are denied.

249.    The United States lacks sufficient information to admit or deny the allegations of paragraph 249 and, therefore, they are denied.

250.    The United States lacks sufficient information to admit or deny the allegations of paragraph 250 and, therefore, they are denied.

251.    The United States lacks sufficient information to admit or deny the allegations of paragraph 251 and, therefore, they are denied.

252.    The United States lacks sufficient information to admit or deny the allegations of

paragraph 252 and, therefore, they are denied.

253.    The United States lacks sufficient information to admit or deny the allegations of paragraph 253 and, therefore, they are denied.

254.    The United States lacks sufficient information to admit or deny the allegations of paragraph 254 and, therefore, they are denied.

255.    The United States lacks sufficient information to admit or deny the allegations of paragraph 255 and, therefore, they are denied.

256.    The United States lacks sufficient information to admit or deny the allegations of paragraph 256 and, therefore, they are denied.

257.    The United States lacks sufficient information to admit or deny the allegations of paragraph 257 and, therefore, they are denied.

258.    The United States lacks sufficient information to admit or deny the allegations of paragraph 258 and, therefore, they are denied.

259.    The United States lacks sufficient information to admit or deny the allegations of paragraph 259 and, therefore, they are denied.

260.    The United States lacks sufficient information to admit or deny the allegations of paragraph 260 and, therefore, they are denied.

261.    The United States lacks sufficient information to admit or deny the allegations of paragraph 261 and, therefore, they are denied.

262.    The United States lacks sufficient information to admit or deny the allegations of paragraph 262 and, therefore, they are denied.

263.    The United States lacks sufficient information to admit or deny the allegations of paragraph 263 and, therefore, they are denied.

264. The United States lacks sufficient information to admit or deny the allegations of paragraph 264 and, therefore, they are denied.

265. The United States lacks sufficient information to admit or deny the allegations of paragraph 265 and, therefore, they are denied.

266. The United States lacks sufficient information to admit or deny the allegations of paragraph 266 and, therefore, they are denied.

267. The United States lacks sufficient information to admit or deny the allegations of paragraph 267 and, therefore, they are denied.

268. The United States lacks sufficient information to admit or deny the allegations of paragraph 268 and, therefore, they are denied.

269. The United States lacks sufficient information to admit or deny the allegations of paragraph 269 and, therefore, they are denied.

270. The United States lacks sufficient information to admit or deny the allegations of paragraph 270 and, therefore, they are denied.

271. The United States lacks sufficient information to admit or deny the allegations of paragraph 271 and, therefore, they are denied.

272. The United States lacks sufficient information to admit or deny the allegations of paragraph 272 and, therefore, they are denied.

273. The United States lacks sufficient information to admit or deny the allegations of paragraph 273 and, therefore, they are denied.

274. The United States lacks sufficient information to admit or deny the allegations of paragraph 274 and, therefore, they are denied.

275. The United States lacks sufficient information to admit or deny the allegations of

paragraph 275 and, therefore, they are denied.

276. The United States lacks sufficient information to admit or deny the allegations of paragraph 276 and, therefore, they are denied.

277. The United States lacks sufficient information to admit or deny the allegations of paragraph 277 and, therefore, they are denied.

278. The United States lacks sufficient information to admit or deny the allegations of paragraph 278 and, therefore, they are denied.

## JURY TRIAL DEMANDED

Pursuant to 28 U.S.C. § 2402, plaintiffs are not entitled to a jury trial as to the United States under the Federal Tort Claims Act because such actions "shall be tried by the court without a jury."

## PRAYER FOR RELIEF

The United States denies that the Plaintiffs are entitled to any relief. Judgment should be entered in the United States' favor and against Plaintiffs.

WHEREFORE, having fully answered the Complaint, the United States respectfully requests that the Complaint be dismissed with prejudice and that judgment be awarded in favor of the United States, together with costs and further relief as the Court deems appropriate.

Dated: January 30, 2014               Respectfully submitted,

STUART F. DELERY
Assistant Attorney General
Civil Division
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

JAMES G. TOUHEY, JR.
Director, Torts Branch
Civil Division

STEPHEN E. HANDLER
E-mail:  stephen.handler@usdoj.gov
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Torts Branch
1331 Pennsylvania Ave., NW
Room 8070N
Washington, DC  20004
Telephone:  (202) 616-4279
Facsimile:    (202) 616-5200

   /s/   Phil MacWilliams
PHILIP D. MACWILLIAMS
Trial Attorney
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
1331 Pennsylvania Ave., NW
Room 8080N
Washington, DC  20004
Telephone:  (202) 616-4285
Facsimile:    (202) 616-5200

Attorneys for the United States of America

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2014, I caused to be served upon the following counsel a true and correct copy of the United States' Answer via ECF filing:

Ray M. Shepard
Smith, Gildea & Schmidt LLC
600 Washington Avenue, Suite 200
Towson, MD  21204
Office:  410-821-0070
Email:  rshepard@sgs-law.com

Nicholas V. Pulignano, Jr.
Heath L. Vickers
Marks Gray, P.A.
1200 Riverplace Boulevard, Suite 800
Jacksonville, FL  32207
Office:  904-807-2105
Email:  npulignano@marksgray.com
Email:  hvickers@marksgray.com

　　　　　　　　　　　　　　 /s/   Phil MacWilliams
　　　　　　　　　　　　　　PHILIP D. MACWILLIAMS